UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE CASTLE (CAYMAN) LTD., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID JONES; JACQUELINE CALLAHAN; PRINCIPIS CAPITAL, LLC; TOPROCK FUNDING, LLC; INCORPORATED VILLAGE OF LYNBROOK; ROBERT BAXMEYER, and JONATHAN JONES <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> 2:25-cv-152 (NCM)(ST) |

**TISCIONE, United States Magistrate Judge:**

Defendant David Jones purchased property in Massapequa, New York and executed a note and mortgage in favor of Geneva Mortgage Corp. After a series of transfers, the mortgage was assigned to Blue Castle (Cayman) Ltd. ("Plaintiff"). David Jones defaulted on his mortgage payment. Plaintiff now moves for default judgment, to execute a foreclosure sale, and to drop Defendant Robert Baxmeyer from the action. The motion is unopposed. For the foregoing reasons, the motion should be GRANTED in part and DENIED in part.

## BACKGROUND[1]

### I.  Parties

Plaintiff Blue Castle (Cayman) LTD. is a corporation organized under the laws of the Cayman Islands with its principal place of business in Florida. Compl. ¶ 2, ECF No. 1. Plaintiff is the mortgagee and party seeking foreclosure. *Id.*

Defendant David Jones is a New York resident. David Jones is a mortgagor and obligor under the note. *Id.* ¶ 3. David Jones is the only Defendant against whom Plaintiff seeks monetary

---

[1] This Court takes the following factual allegations from Plaintiff's Complaint ("Compl") as well as documents integral to the filing and upon which the filing relies. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

liability. All other Defendants are nominal, having subordinate interest in the property and named pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1311.

Defendant Jacqueline Callahan ("Calahan") is a New York resident and title owner of the property. Callahan is a mortgagor but not a borrower under the note. *Id*. ¶ 4. Callahan is also a tenant on the property. Jonathan Jones is tenant of the property. *Id*. ¶ 9. Robert Baxmeyer ("Baxmeyer") is a New York resident and former tenant of the property. *Id*. ¶ 8.

Principis Capital, LLC ("Principis") is a New York corporation. Principis holds a judgment against David Jones in his personal capacity. *Id*. ¶ 5. Toprock Funding, LLC, ("Toprock") is a New York corporation. Toprock holds a subordinate judgment against the property. *Id*. ¶ 6. The Incorporated Village of Lynbrook (Lynbrook") is a New York governmental entity. Lynbrook holds a subordinate judgment against the property. *Id*. ¶ 7.

## II.    Factual Allegations

On September 29, 2005, David Jones purchased real property in Massapequa, New York. *Id*. ¶¶ 15-16. To secure funding, David Jones executed a promissory note in favor of Geneva Mortgage Corp. ("Geneva") for $359,000. *Id*. ¶ 15. David Jones and Callahan executed a mortgage in favor of Geneva to secure the note. *Id*. ¶ 16. The mortgage was recorded with the Nassau County Clerk on October 26, 2005. *Id*. ¶ 16. On January 18, 2007, David Jones took out a second loan for $58,000.77 from Geneva. *Id*. ¶ 17. David Jones executed a promissory note in favor of Geneva the same day. *Id*. ¶ 18. David Jones and Callahan executed a second mortgage in favor of Geneva to secure the note. *Id*. ¶ 18. The mortgage was recorded with the Nassau County Clerk on February 14, 2007. *Id*.

Around the same time, David Jones and Geneva consolidated the two loan obligations to one note in the amount of $417,000 and executed a third mortgage to secure the note. *Id*. ¶ 19. The

consolidated mortgage was recorded with the Nassau County Clerk on February 14, 2007. *Id*. ¶ 20. The consolidated loan was subsequently modified on August 3, 2017. *Id*. ¶ 21. Importantly, the modification did not displace the terms of the original consolidated note and mortgage. *Id*. ¶ 21.

On December 1, 2017, David Jones failed to make his monthly payment, thereby defaulting. *Id*. ¶ 25.

After a series of transfers, the consolidated mortgage was assigned to Plaintiff on June 15, 2023. *Id*. ¶¶ 22-24. Likewise, the consolidated note was transferred to Plaintiff. *Id*. ¶¶ 22-23. On September 28, 2023, Plaintiff provided David Jones and Callahan 90-day notice pursuant to RPAPL § 1304, and 30-day notice pursuant to the terms of the mortgage. *Id*. ¶ 29.

### III.   Procedural History

Plaintiff brought a prior foreclosure action in the New York Supreme Court of Nassau County which was discontinued on October 23, 2023. *Id*. ¶ 33.

Plaintiff brought a second foreclosure on February 7, 2024, in this District under docket number 24-cv-953. *Id*. ¶ 34. The second foreclosure was dismissed on December 26, 2024, for lack of diversity jurisdiction. *Id*.

Plaintiff commenced this foreclosure action January 9, 2025. On February 13, 2025, Plaintiff voluntarily dismissed Victoria Tortola, a former tenant. *See* Stipulation of Dismissal, ECF No. 19. The remaining Defendants collectively failed to answer or otherwise respond. Default was entered against Defendants on February 26, 2025. *See* Clerk's Entry of Default, ECF No. 21.

On April 18, 2025, Plaintiff filed a motion for default judgment. *See* ECF No. 23. On April 21, 2025, Judge Merle referred Plaintiff's default judgment to this Court for a Report and Recommendation. *See* Docket Order, dated April 21, 2025. The motion in unopposed.

**LEGAL STANDARD**

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*. Here, Defendants are in default.

Step two is to seek default judgment. *See* Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must, "on the plaintiff's request, with an affidavit showing the amount due . . . enter judgment for that amount and costs against a defendant . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases," a party must move for a default judgment before the court. Fed. R. Civ. P. 55(b)(2).

When a plaintiff moves for default judgment, the court must accept the complaint's well-pleaded factual allegations as true. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.").

From there, the court must determine whether the facts alleged establish the defendant's liability as a matter of law. *Mickalis Pawn Shop*, 645 F.3d at 137. After all, "liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010).

After determining liability, the court decides whether, and how much, to award in damages. *Finkel*, 577 F.3d at 83 n.6 ("a default is not an admission of damages"). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To sustain entitlement to damages, the movant must show that the "compensation sought relates to the damages that naturally flow from the injuries pleaded." *Morales v. B&M Gen. Renovation Inc.*, 14-cv-7290 (MKB) (MDG), 2016 WL 1266624, at *2 (E.D.N.Y Mar. 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016). The court can determine damages without an evidentiary hearing if "sufficiently detailed affidavits and documentary evidence" support the request. *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, 15-cv-6505 (NGG), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016).

## JURISDICTION

### I. Subject Matter Jurisdiction

Before granting default judgment, "a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, 20-cv- 150, 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021). Here, this Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### II. Personal Jurisdiction

This Court may also assure itself that it has personal jurisdiction over the Defendants. *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Here, there is personal jurisdiction because all Defendants are either New York residents, New York business entities, or New York governmental entities.

## DISCUSSION

Before granting default judgment, this Court must ensure that the movant "took all the required procedural steps" under the Local Rules. *J & J Sports Prods., Inc. v. Vergara*, 19-cv-2382 (FB) (VMS), 2020 WL 1034393, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted), *report and*

*recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *see Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). A movant's failure to do so warrants denial of the motion. *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 23-cv-8808 (RER) (JAM), 741 F.Supp.3d 1, 12–13 (E.D.N.Y. July 23, 2024) ("'As harsh at it may seem,' courts in this district 'have repeatedly' denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule[s]" (citations omitted)). This Court's review of the docket shows Plaintiff complied with all local rules.

## I. Liability

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414-15 (E.D.N.Y. 2018) ("Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment."). Plaintiff satisfies all three elements.

First, Plaintiff provided a copy of the signed consolidated note dated January 18, 2007. Ex. E, ECF No. 23-23. The consolidated note was physically transferred to Plaintiff prior to commencement of this foreclosure action. Compl. ¶ 22. Plaintiff also provided a copy of the consolidated mortgage. Ex. F, ECF No.23-24. The consolidated mortgage was assigned to Plaintiff on June 15, 2023. Compl. ¶ 24; Ex. G, ECF No. 23-25. Physical "possession of the note . . . at the time the action was commenced" is sufficient to confer standing to foreclose. *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015). Likewise, "[u]nder New York law, 'written

assignment ... is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.' " *Windward Bora, LLC v. Regalado*, 751 F. Supp. 3d 122, 132 (E.D.N.Y. 2024) (quoting *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x at 15). Here, Plaintiff satisfies the first element on two grounds: assignment of the mortgage and possession of the note.

Second, David Jones defaulted on the mortgage. Compl. ¶ 25. To establish proof of default, "[t]here must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge." *Bankers Fed. Sav. FSB v. Somerset Apartment Corp.*, 151 Misc. 2d 569, 570 (N.Y. Sup. Ct. 1991); *accord Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007). Plaintiff provided an affidavit of John Ramer, an authorized representative of Blue Castle, affirming David Jones defaulted as of December 1, 2017. Ramer Decl. ¶ 22, ECF No. 23-18. Such is sufficient to establish an evidentiary basis of default.

Third, Plaintiff provided David Jones sufficient notice of the foreclosure. RPAPL § 1304 requires, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." Similarly, the consolidated note and mortgage contain a 30-day notice requirement. Compl. ¶ 28. On September 28, 2023, Plaintiff provided David Jones and Callahan 90-day notice pursuant to RPAPL § 1304, and 30-day notice pursuant to the terms of the note and mortgage via First Class and certified mail. Compl. ¶ 28-29. Such satisfies statutory and contractual notice requirements. *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021); *Paugh*, 332 F. Supp. 2d at 68.

Accordingly, Plaintiff has established a prima facie right to foreclose.

## II.     Damages

Plaintiff seeks monetary damages against David Jones only. The request for judgment as to the remaining Defendants is solely to extinguish subordinate interests.

"While the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not." *Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc.*, 2018 WL 2074200, at *5 (E.D.N.Y. Feb. 5, 2018), *report and recommendation adopted Miss Jones LLC v. Bisram*, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018). To establish damages, the plaintiff must provide "detailed affidavits and documentary evidence" in support of their request. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

Plaintiff requests $1,008,636.13 in damages, consisting of the outstanding loan obligation, deferred principal balance, late penalties, interest, costs, and attorneys' fees. In the foreclosure context, "[t]he note and mortgage, as the governing instruments, should determine any default damages." *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 45 (N.D.N.Y. 2015) (citation omitted). Thus, the consolidated note, mortgage, and modification must authorize Plaintiff's collection of the requested damages. The Court will address each request in turn.

First, Plaintiff requests $518,223.56 to recover the outstanding principal. A review of the loan modification, Ex. H, ECF No. 23-26, and loan history, Ex. M, ECF No. 23-31, shows an outstanding principal balance in that amount. Second, Plaintiff requests $226,285.56 to recover the deferred principal balance. The loan modification demonstrates a deferred principal balance of $226,285.56, providing an evidentiary basis for the request. Ex. H ¶ 2. Third, Plaintiff requests $126,129.67 in past due interest at 3.25%. The loan modification document reflects a 3.25% interest rate supporting the request. Ex. H ¶ 2. Fourth, Plaintiff requests $116,617.58 in escrow

advances. The loan modification demonstrates that David Jones was required to pay $1,572.27 in monthly escrow charges, and if he failed to make the payments, the lender would advance the payments, adding the advance to the loan obligation. *Id* ¶ 5. Accordingly, Plaintiff is entitled to recover the escrow payments. Fifth, Plaintiff requests $2,828.02 in late charges. Paragraph 6(a) of the consolidated note permits late fees. Ex. E ¶ 6. Finally, Plaintiff requests $439.71 in property inspection fees. This is recoverable under the catchall provision of the consolidated note which permits remedy of all fees associated with foreclosure. Ex. E.

Plaintiff additionally provided a declaration certifying the accuracy of these amounts and a copy of the loan history, detailing the outstanding balance. *See* Ramer Decl; Ex. M. This Court is satisfied that the above evidence establishes damages "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155; *see also e.g., Nationstar Mortg. LLC v. Atanas*, 315 F. Supp. 3d 700, 706 (W.D.N.Y. 2018) (submission of note and mortgage alone sufficient to establish damages); *Wells Fargo Bank, N.A. v. Landi*, No. 13-CV-5822 (RRM) (JO), 2015 WL 5655810, at *5 (E.D.N.Y. Aug. 14, 2015) (finding that "[t]he record, including the payment history of the loan, supports the request" for damages), *report and recommendation adopted*, 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015); *E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 CBA LB, 2015 WL 790036, at *7 (E.D.N.Y. Feb. 24, 2015).

Plaintiff should be entitlement to damages in the amount of $990,524.11 – the amount requested less attorneys' fees. Plaintiff's request for attorneys' fees is analyzed further below.

a. **Nominal Defendants**

As to Defendants Callahan, Jonathon Jones, Principis, Toprock, and Lynbrook (collectively "Nominal Defendants"), default judgment is also appropriate. Plaintiff requests judgment against

Nominal Defendants solely to remove subordinate liens and interest, not to establish monetary liability.

Such is permissible as "courts have held that entry of a default judgment is appropriate where the complaint alleges 'nominal liability,' *i.e.,* that any judgment or liens a defendant may have against the property are subordinate to the plaintiff's judgment." *E. Sav. Bank, FSB v. Beach*, No. 13-CV-0341 JS AKT, 2014 WL 923151, at *8 (E.D.N.Y. Mar. 10, 2014) (citing *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 FB, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (collecting cases)).

Courts regularly enter default judgment against subordinate lienholders, *E. Sav. Bank, FSB v. Strez*, 11-CV-1543 ENV LB, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013), and tenants of foreclosed properties. *CIT Bank, N.A. v. Louis*, No. 15CV00597PACBCM, 2017 WL 448956, at *2 (S.D.N.Y. Jan. 26, 2017). Thus, default judgment is appropriate against Toprock, Principis, and Lynbrook as subordinate lienholders, and against Johnathan Jones and Callahan as tenants solely to extinguish liens and interest.

### III. Foreclosure Sale

Plaintiff requests this Court permit a foreclosure sale as a single parcel and appoint a referee to oversee such sale.

"A plaintiff is entitled to foreclose upon and sell a property if it demonstrates 'the existence of an obligation secured by a mortgage, and a default on that obligation.' " *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *11 (E.D.N.Y. May 9, 2016) (quoting *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010)), *adopted by*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016); *see also OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14

(E.D.N.Y. Aug. 31, 2015) *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Plaintiff has met their burden and should be entitled to a foreclosure sale to recoup damages.

As to Plaintiff's request the foreclosure sale proceed as a single parcel, such is permissible. Indeed, selling as a single parcel is presumed under RPAPL § 1321. "Absent unusual circumstances, it can be presumed that a subject property consisting of a single tax lot is properly sold in a single sale." *Miss Jones, LLC*, 2018 WL 2074200, at *5 *adopted* (citation and quotation marks omitted).

Further, appointment of a referee is prescribed under RPAPL § 1321 and commonplace in foreclosure proceedings. *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Fray*, No. 24-CV-4588 (CS), 2025 WL 1725137, at *4 (S.D.N.Y. June 20, 2025); *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 65 (N.D.N.Y. 2011). Plaintiff, however, failed to provide a proposed referee. Plaintiff should subsequently provide a proposed referee to this Court for review. *See Greystone Bank*, 817 F. Supp. 2d at 65 (directing Plaintiff to provide proposed referee to court).

### IV. Attorneys' Fees

Plaintiff requests $18,112.02 in attorneys' fees from David Jones and Callahan. "Since there is no statute in New York authorizing the recovery of an attorneys' fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized." *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779 (2014). Here, the controlling documents authorize attorneys' fees in at least 4 locations. Paragraph 6(e) of the note, paragraph 9 and 22 of the mortgage, and paragraph 10 of the loan modification. Ex. E ¶ 6; Ex. F ¶¶ 9, 22; Ex. H ¶ 10. Thus, attorneys' fees are available.

Nevertheless, "[a]n award of an attorneys' fee pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually

rendered. In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *Vigo*, 121 A.D.3d at 780 (citations omitted). Plaintiff's request, however, is devoid of any such justification.

First, Plaintiff failed to provide any information regarding the attorneys' or other professionals who worked on this case. *See* Decl. of Attorney Fees, ECF No. 23-2. Instead, the declaration summarily suggests "this matter has required considerable expertise, and considerable effort has been expended in evaluating and discussing with our client the best procedure and tracking to use in order to most effectively protect its rights in this difficult and technical process." *Id.* ¶ 6. The names and titles of the lawyers, paralegals, or legal assistants who worked on this case are absent. Further, the declaration fails to provide a scintilla of relevant information to support the requested hourly rates including: the attorneys' area of expertise, where they went to school, how long they have practiced law, or bar admission. Such information is essential. *See, e.g., G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 432 (S.D.N.Y. 2012); *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Second, Plaintiff failed to provide contemporaneous time records with relevant dates to support their work. Instead, Plaintiff provided a table summarizing the amount of time expended on various tasks such as 6.1 hours for research and drafting this default judgment motion, 3.1 hours for communications with process server, and 5.1 hours to review documents, orders, and communications with this Court. No relevant dates or other contemporaneous records are provided. Such is grounds for denial. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010);

*Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 712 (W.D.N.Y. 2018); *OneWest Bank, N.A. v. Denham*, No. CV 14-5529 DRH AKT, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*; *BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-0693 FB JO, 2011 WL 1841530, at *7 (E.D.N.Y. Mar. 16, 2011), *report and recommendation adopted*.

Third, Plaintiff's request is comprised of hours dedicated to this foreclosure action as well as their prior unsuccessful foreclosure attempt. "The question of attorneys' fees, including fees with respect to *unsuccessful claims*, is an issue left to the discretion of the district court." *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (emphasis added). Fees associated with Plaintiff's prior failed attempt to foreclose are not available here. Plaintiff's prior foreclosure claim was dismissed by Judge Choudhury due to a lack of diversity jurisdiction. *See* 2:24-cv-953. Plaintiff moved for reconsideration which was ultimately denied. Accordingly, the sum of Plaintiff's work on the prior litigation was drafting a defective complaint and various unsuccessful motions. Indeed, this Court is permitted to deduct from the lodestar "hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Time dedicated to unsuccessful motions and ultimately unsuccessful litigation should not be awarded.

This is supported by the primary justification of attorneys' fees: "the *prevailing* party can generally recover its attorneys' fees from the *losing* party." *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 210 (S.D.N.Y. 2006) (emphasis added). In lay terms, Plaintiff did not prevail, and Defendants did not lose in the prior foreclosure action.

For these reasons, Plaintiff's request for attorneys' fees and costs should be denied at this time with leave to refile and amend the above deficiencies.

V.   **Rule 21 Request**

As a final request, Plaintiff moves to drop Defendant Robert Baxmeyer from the action. Rule 21 provides, in relevant part, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In deciding a Rule 21 request, "[a] court has broad discretion in determining whether to add or drop parties, . . . which is guided by principles of fundamental fairness and judicial efficiency." *BBK Tobacco & Foods, LLP v. 7th St. Vill. Farm Inc.*, No. 1:17-CV-4079-GHW, 2017 WL 8723938, at *1 (S.D.N.Y. June 15, 2017) (citations and internal quotation marks omitted).

Plaintiff named Baxmeyer as a defendant due to a belief he was a tenant on the property. Compl. ¶ 8. RPAPL § 1311 requires the foreclosing party to name as defendants all persons with interest in the property. *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co.*, 98 A.D.2d 400, 403, 470 N.Y.S.2d 642 (1983). This includes tenants. *Flushing Sav. Bank v. CCN Realty Corp.*, 73 A.D.2d 945, 424 N.Y.S.2d 27 (1980); *Wells Fargo Bank, N.A. v. Landi*, 2015 WL 5657358, at *2 (E.D.N.Y. Sept. 22, 2015) ("[T]he joinder of all tenants and other junior lienholders in a foreclosure action is required ... to extinguish the rights of redemption of all those who may have a subordinate interest in the property."). On January 16, 17, and 18 2025, a process server attempted to serve the summons and complaint on Baxmeyer at the property. *See* Affidavit of Service, Ex. 6, ECF No. 23-9. David Jones informed the process serve that Baxmeyer no longer resided there. *Id*. This evidence is sufficient to relieve this Court that Baxmeyer has any possessory interest in the property. Plaintiff's request to drop Baxmeyer as a Defendant should be granted.

## CONCLUSION

This Court respectfully recommends the District Court GRANT in part and DENY in part Plaintiff's motion for default judgment as follows:

- Plaintiff has established a prima facie right to foreclosure and should be entitled to foreclosure judgment.

- Plaintiff should be entitled to $990,524.11 in damages which Plaintiff may recoup from the foreclosure sale. David Jones should be liable for any deficiency.

- The subject property should be sold as a single parcel.

- Judgment against Jacqueline Callahan, Principis Capital, LLC, Toprock Funding, LLC, Incorporated Village of Lynbrook, and Jonathan Jones should be entered to remove subordinate liens and interest, but no monetary liability should be imposed.

- This District Court should direct Plaintiff to provide a proposed referee to conduct the foreclosure sale on a specific date and time, in compliance with RPAPL.

- Plaintiff's request for attorneys' fees and costs should be denied with leave to refile to cure deficiencies.

- Robert Baxmeyer should be dropped from the case.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d

Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ _____

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
November 20, 2025